**LOUISIANA POWER & LIGHT COMPANY, Plaintiff–Appellant,**

v.

**E.C. ERNST, INC., Defendant–Appellee.**

No. 93 Civ. 4309 (JFK).

United States District Court, S.D. New York.

Dec. 10, 1993.

Monroe & Lemann, New Orleans, LA (Benjamin R. Slater, Jr., Perry R. Staub, Jr., of counsel), for plaintiff.

Neal Brickman, New York City, for defendant.

## OPINION AND ORDER

KEENAN, District Judge:

### INTRODUCTION

Before the Court is the appeal of plaintiff, Louisiana Power & Light Company ("LP & L"), from the order of the Honorable Cornelius Blackshear, Judge of the United States Bankruptcy Court for the Southern District of New York, ordering plaintiff to accept $10,000 from defendant, E.C. Ernst, Inc. ("Ernst"), in full satisfaction of its claim in *Louisiana Power & Light Company v. Fischbach & Moore,* 86 Civ. 594 (E.D.La.), and to enter a satisfaction of judgment with the Clerk of the United States District Court for the Eastern District of Louisiana. For the reasons set forth below, plaintiff's appeal is denied.

### BACKGROUND

In February of 1986, LP & L brought an action against Ernst in the United States District Court for the Eastern District of Louisiana alleging Ernst's participation in collusive non-competitive bid-rigging schemes and various antitrust activities in violation of federal and state antitrust laws, as well as the Racketeer Influenced and Corrupt Organizations Act. *See Louisiana Power & Light Company v. Fischbach & Moore,* 86 Civ. 594 (E.D.La.) [hereinafter "the Antitrust Action"]. At the time of the filing, however, Ernst was operating as a debtor-in-possession under the protection of Chapter XI of the United States Bankruptcy Act and various orders of the bankruptcy court. Ernst had filed for bankruptcy in December of 1978 in the United States Bankruptcy Court for the Southern District of New York. LP & L thus brought an adversary proceeding in the bankruptcy court seeking relief from the stay provisions applicable to Ernst so as to permit prosecution of the Antitrust Action. On November 25, 1986, LP & L and Ernst settled the adversary proceeding. In a Stipulation and Order signed by Judge Blackshear on December 9, 1986, LP & L was granted relief from the stay, but was limited to collecting only 10 percent of any judgment that might be entered against Ernst in the Antitrust Action, as it agreed to treat its antitrust claims as a "pre-petition general unsecured claim in Ernst's Chapter 11 case as provided in Ernst's current Plan of Arrangement...." LP & L Brief, Exhibit 3, at 4.

The Antitrust Action proceeded to trial in the Eastern District of Louisiana before the Honorable Marcel Livaudais, Jr., in August of 1992. At the conclusion of jury selection, however, the parties settled the case for $100,000. *See* LP & L Brief, Exhibit 7, at Exhibit B ("Mutual Receipt and Release"). According to the Mutual Receipt and Release, the settlement fund was to come primarily from the $70,221.77 on deposit in an interest bearing account with the Clerk of the Court for the benefit of general unsecured creditors. *See* Mutual Receipt and Release at 2. The agreement required Philadelphia Bourse, Inc., Ernst's parent corporation, to pay LP & L within sixty days of the agreement's execution. *See id.* at 3. On September 25, 1992, Judge Livaudais signed an Order of Dismissal, which stated that the dismissal was "without prejudice to the right, upon good cause shown within sixty (60) days, to seek summary judgment enforcing

the compromise if it is not consummated by that time." LP & L Brief, Exhibit 7, at Exhibit I.

As it turned out, however, the money in the account could not be put towards the parties' settlement. Instead of being money that was set aside for "general unsecured creditors," the deposited funds represented unclaimed dividend checks that were deposited with the National Registry, where they were to remain in perpetuity. *See* LP & L Brief, Exhibit 7, at Exhibit F. Paragraph nine of Ernst's application for a final decree closing its bankruptcy case, which was filed in April of 1988, reveals that Ernst at one time knew that the proceeds in this account were from unclaimed dividend checks, but does not show that Ernst understood that these funds were unreachable. *See* LP & L Brief, Exhibit 4, at 4. Ernst sought a court order directing the court to disburse the funds to Ernst, but its application was denied. Without the expected funds to pay the settlement sum, Ernst failed to pay any portion of the settlement.

Ernst having defaulted on the settlement agreement, LP & L moved for summary judgment to enforce the terms of the Mutual Receipt and Release. Judge Livaudais rejected Ernst's defense that a condition precedent to the agreement—Ernst's recovery of funds from the court clerk—had not been met. Judge Livaudais then proceeded to grant LP & L's motion to enforce the settlement agreement and to order that a judgment be entered against Ernst in the amount of $100,000. In his decision dated December 4, 1992, Judge Livaudais declined to address Ernst's additional argument that any judgment against it should be reduced by 90 percent pursuant to the December 9, 1986 Stipulation and Order signed by United States Bankruptcy Judge Blackshear. According to Judge Livaudais, "[i]ssues of collection of the judgment are within the purview of the Bankruptcy Court and not appropriately apart of the judgment on the merits." LP & L Brief, Exhibit 7, at Exhibit J.

On December 30, 1992, Ernst sent a check to LP & L for $10,000, asserting that, pursuant to the December 9, 1986 Stipulation and Order, the payment was in full satisfaction of the judgment rendered against it in the Antitrust Action. On January 6, 1993, LP & L returned the check uncashed, rejecting the applicability of the 1986 Stipulation and Order to the December 4, 1992 judgment.

Ernst then moved the bankruptcy court for an Order of Satisfaction of Judgment, again asserting the applicability of the 1986 Stipulation and Order to the December 4, 1992 judgment. At oral argument on the motion, Judge Blackshear advised LP & L that he was inclined to rule in Ernst's favor and that he would give LP & L almost two months to work out an alternative arrangement with Ernst for payment of the $100,000 settlement. *See* LP & L Brief, Exhibit 9, at 14–15. During that period, LP & L apparently made no attempts to contact Ernst concerning a revised payment schedule. Instead, on April 20, 1993, Judge Blackshear ruled, as he had forewarned, in Ernst's favor, ordering LP & L to accept the sum of $10,-000 in full satisfaction of its $100,000 judgment. It is from this Order that LP & L now appeals.

### DISCUSSION

■ The appropriate standard of review of a bankruptcy court's conclusions of law is a *de novo* review. *See In re PCH Assocs.*, 949 F.2d 585, 597 (2d Cir.1991). The only issue before the Court is whether the December 9, 1986 Stipulation and Order applies to December 4, 1992 judgment rendered against Ernst in the Eastern District of Louisiana. The relevant provision of the Stipulation and Order reads:

> and it is FURTHER STIPULATED, AGREED AND ORDERED, that to the extent LP & L obtains a judgment against Ernst in the Antitrust Action, which shall no longer be subject to any appeals, stays or other restraints, such judgment will be paid by Ernst as a pre-petition general unsecured claim in Ernst's Chapter 11 case as provided in Ernst's current Plan of Arrangement (i.e., 10% of any liquidated non-contingent amount) . . . .

LP & L Brief, Exhibit 3, at 4. The plain language of this provision suggests its applicability to the December 4, 1992 judgment. The provision applies to "a judgment against Ernst in the Antitrust Action"; it makes no

distinction between types of judgments, such as a judgment after trial or a judgment after default on a settlement agreement. Given its broad scope, the provision must apply to the December 4, 1992 judgment, if the judgment arose out of the Antitrust Action and the parties did not otherwise stipulate that the provision would be inapplicable to the Mutual Receipt and Release.

As for the Mutual Receipt and Release, the basis for LP & L's December 4, 1992 judgment, there is neither a provision for the possible failure of Ernst to pay the settlement sum nor language that nullifies the effect of the December 9, 1986 Stipulation and Order in the event that the settlement were to be reduced to a judgment. There also appears to be no waiver of the December 9, 1986 Stipulation and Order, an argument that plaintiff has not pursued on this appeal. Nevertheless, "[w]here, as here, the contract's language admits of only one reasonable interpretation, the court need not look to extrinsic evidence of the parties' intent or to rules of construction to ascertain the contract's meaning." *American Home Prod. Corp. v. Liberty Mutual Ins. Co.*, 748 F.2d 760, 765 (2d Cir.1984).

LP & L argues that the December 4, 1992 judgment was separate and independent of the Antitrust Action. According to LP & L, the Order of Dismissal signed by Judge Livaudais on September 25, 1992, *see* LP & L Brief, Exhibit 7, at Exhibit I, extinguished the Antitrust Action entirely, leaving only the parties' settlement agreement, upon which Judge Livaudais granted summary judgment against Ernst for its breach of the agreement. The Court finds this argument unpersuasive. There is no question that the settlement agreement, and Judge Livaudais's jurisdiction to enforce it, arose out of the Antitrust Action. Indeed, the "Judgment" and the "Ruling on Motion," both signed by Judge Livaudais on December 4, 1992, maintain the caption *"Louisiana Power & Light Company v. Fischbach & Moore*, Civil Action 86–0594, Section E/3," which is the action defined as the "Antitrust Action" in the December 9, 1986 Stipulation and Order. *Compare* LP & L Brief, Exhibit 3, at 2 *with* LP & L Brief, Exhibit 7, at Exhibit J.

LP & L has essentially come to this Court seeking relief from its own error. Although

LP & L recognizes that had it not sought to enforce its rights under the Mutual Receipt and Release it would not be in this position, it argues that placing it in such a dilemma is absurd. Absurdity would have been the result had LP & L not placed itself in this position. LP & L could have foreseen this quandary and settled for $1 million or ensured that Ernst expressly waived the ten percent provision in the December 9, 1986 Stipulation and Order. Even after committing this error, it still may have been able to collect the entire $100,000 had it sought a more suitable payment schedule so as to permit Ernst to pay the settlement sum over a longer period of time. Judge Blackshear gave LP & L a second opportunity to pursue the latter alternative, *see* LP & L Brief, Exhibit 9, at 5, 9, 11, 14–15, but LP & L chose to forego renegotiating the payment schedule.

### CONCLUSION

For the reasons set forth above, the ruling of the bankruptcy court is affirmed. The Court directs the Clerk of the Court to close this case and remove it from the Court's active docket.

**SO ORDERED.**